FOWLER et al. v. JARVIS–CONKLIN MORTG. TRUST CO.
(MORGAN, Intervener).

(Circuit Court, S. D. New York. September 22, 1894.)

EQUITY PRACTICE—INTERVENTIONS—RECEIVERSHIP SUITS—CORPORATIONS.

In a suit in which a receiver has been appointed for a corporation, the court will not permit separate interventions by individual stockholders, with the consequent multiplication of papers and requests for separate allowances of costs and attorney's fees; but, where there are dissensions among the stockholders, each separate group will be secured a separate hearing.

Petition of intervention filed by Henry P. Morgan in the suit of Benjamin M. Fowler, J. G. Zachry, and Elizabeth Garnet against the Jarvis-Conklin Mortgage Trust Company.

Jas. G. Janeway, for the motion.
W. S. Pearce, opposed.

LACOMBE, Circuit Judge. This action was brought by complainants in behalf of themselves and all other stockholders and creditors

who might choose to become parties to the suit and contribute to the expense thereof. Complainants are creditors as well as stockholders. The petitioner Morgan is a stockholder, but not a creditor, and asks to be made a cocomplainant in the original bill, and to have separate notice of all motions, proceedings, orders, etc. Apparently, he wishes to appear by separate solicitor and counsel. As he is the first petitioner whose rights as a stockholder are not complicated with his rights as a creditor, he may take an order allowing him to intervene, and directing all parties to give him such notice, whenever any of the proceedings may affect his rights. It must, however, be understood that the court cannot tolerate a separate intervention by each separate stockholder, with an interminable multiplication of papers, and requests for separate allowances of costs and counsel fees at the close of the receivership. The interests of all stockholders are alike, and should be presented and attended to without marshaling a host of different lawyers, all advocating the same relief, although, if it becomes apparent that there is dissension among the stockholders as to the conduct of the proceedings, each separate group of them will be secured a separate hearing. The granting of this motion, therefore, will not by itself entitle petitioner to any individual allowance for costs or counsel fee at the close of the case.

Petitioner has also filed an affidavit of Elijah Coffin, dated September 15, 1894, containing charges against Jarvis and Conklin, now receivers of the corporation, founded upon transactions occurring before their appointment, with a "request" that, upon such affidavit, the motion heretofore made by Elizabeth Garnet to remove the receivers may be granted. As this affidavit was never served upon the receivers, nor any notice of petitioner's "request" given to them, it must be dismissed. Nor can the affidavit of Coffin be considered on Garnet's motion, as it was not prepared till after argument, and does not comply with the instructions of the court that all additional affidavits of petitioner Garnet must be confined to new matter set out in the answering affidavits of receivers.